UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
QUO VADIS, INC. PROFIT SHARING　　　:
TRUST,　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:　　Docket No. 08 Civ. 4259
　　　　　　　　　　　　Plaintiff,　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　-v-　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:　　COMPLAINT
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
WILLIAM F. SCHIEBEL,　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　Defendant.　　　　　　　　　:
------------------------------------------------------------x

　　　　1.　　Quo Vadis, Inc. Profit Sharing Trust is a foreign corporation, with offices and principal place of business at 189 Admiral Way South, Ponte Verde Beach, Florida 32082.

　　　　2.　　Upon information and belief the defendant William F. Schiebel is a resident of the State of Maine, residing, upon information and belief, at 19 River Locke Road, Kennebunk ME 04043-7730.

　　　　3.　　Jurisdiction and venue in this matter are proper in the United States District Court for the Southern District of New York, based upon 28 U.S.C. § 1332, because there is diversity of citizenship of the parties, and the amount in controversy exceeds $75,000. In addition, the contractual provisions contained in a negotiable promissory note executed by the Defendant in favor of Quo Vadis, Inc. Profit Sharing Trust, the plaintiff herein, where the defendant agreed to the exclusive jurisdiction of the United States District Court for the Southern District of New York, in regard to any action arising thereunder. Said negotiable promissory note is hereafter referred to and described.

4. William F. Schiebel, the defendant has consented to service of process in this action if sent to him at the following address: P.O. Box 2592, 59 Maine Street, Kennebunkport, Maine 04046, and an additional copy will be served upon the defendant at 19 River Locke Road, Kennebunk ME 04043-7730, his last known address.

5. William F. Schiebel, the defendant has consented to venue in this district.

**FIRST CLAIM FOR RELIEF**
**(Negotiable Instrument)**

6. On or about December 31, 1977, EHR Investments, Inc., a Domestic Corporation ["Payee"] entered into an executed a certain negotiable Promissory Note [hereinafter referred to as "Note 1"] with William F. Schiebel, as "maker" evidencing the loan to Schiebel in the amount of $300,000.00, as more fully appears in a true copy of Note 1, which is annexed hereto and made a part hereof, and marked as Exhibit 1.

7. On or about December 31, 1997, EHR Investments, Inc., a domestic corporation, assigned to John Ryzewic, solely in his capacity as Trustee of Quo Vadis, Inc. Profit Sharing Trust [the "assignee"] all of its rights, title, and interest in Note 1. A true copy of the Assignment Agreement is attached hereto and made part hereof as Exhibit 2.

8. On or about December 31, 1997, William F. Schiebel, as obligor executed a Pledge and Security Agreement to John Ryzewic, solely in his capacity as Trustee of the Quo Vadis, Inc. Profit Sharing Trust, as the secured party. A true copy of the Pledge and Security Agreement is annexed hereto and made a part hereof as Exhibit 3.

9. Quo Vadis, Inc. Profit Sharing Trust, without limitation or restriction of any kind, in law or fact, succeeds to all of the rights of EHR, Investments, Inc., a domestic corporation, under Note 1.

10. The defendant Schiebel defaulted in the payments required to be made under and pursuant to the terms of Note 1, by failing to make the payment due thereunder on the 31st day of December 2007. As a result of said default, the balance owed under the Note became due.

11. Moreover, the defendant Schiebel, has failed to pay pre-default interest on the Note in the amount of two hundred forty--two thousand three hundred forty-four ($242,344.00) dollars plus the principal in the amount of three hundred thousand ($300,000.00) dollars for total amount owed as of December 31, 2007 in the amount of five hundred forty--two thousand three hundred forty-four ($542,344.00) dollars.

12. Pursuant to the terms and conditions of Note 1, as of December 31, 2007 there is due and owing to Quo Vadis, Inc. Profit Sharing Trust, from defendant William F. Schiebel, the sum of five hundred forty- two thousand three hundred forty-four ($542,344.00) dollars plus default interest thereon, from December 31, 2007, and the attorneys' fees in an amount to be determined, no part of which has been paid, although duly demanded.

13. The defendant Schiebel has further agreed that under the agreement it would be governed by and construed in accordance with the laws of the State of New York.

14. The defendant has waived trial by jury in respect to this action.

15. There are no defenses to this action of which plaintiff is aware.

## SECOND CLAIM FOR RELIEF

16. The plaintiff repeats and reiterates all the claims hereinabove set forth as if more fully set forth herein.

17. The defendant Scheibel has defaulted under the terms of Note 1.

18. The plaintiff requests and is entitled to an order (a) granting immediate possession of all the collateral as well as all expenses of taking possession of the collateral (including reasonable attorneys' fees), and (b) ordering any person or party who has possession or control of the collateral immediately surrender the collateral to the plaintiff without inquiry or proof of default.

19. The plaintiff requests a further order that plaintiff may sell, lease, or dispose of any and all of the collateral in any reasonable manner in either the existing condition of the collateral or after preparation or processing in a commercially reasonable manner.

WHEREFORE, the plaintiff demands judgment against the defendant William F. Scheibel, and respectfully requests that this Court:

(a) enter a judgment in favor of plaintiff and against defendant in the amount of five hundred forty-two thousand three hundred forty-four ($542,344.00) dollars plus default interest thereon, from December 31, 2007, and attorneys' fees in an amount to be determined, together with costs; and

(b) issue an order granting plaintiff immediate possession of all collateral and permitting plaintiff to sell, lease or dispose of any or all of the collateral in a reasonable manner, and ordering any person or party who has possession or control of the collateral to immediately surrender to plaintiff the collateral; and

(c) grant such other and further relief as this Court deems just and proper.

Dated: New York, New York
May 5, 2008

            ROBERTS & ROBERTS

            By:    Michael Roberts
               Michael J. Roberts  (MR-4545)
               401 Broadway
               New York, N.Y. 10013
               (212) 226-4925

            ATTORNEYS FOR PLAINTIFF