UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| QUO VADIS, INC. PROFIT SHARING TRUST, | ) ) ) | Civil Docket No. 1:08-cv-04259-RMB |
| *Plaintiff* | ) ) | |
| v. | ) ) | ANSWER AND AFFIRMATIVE DEFENSES |
| WILLIAM F. SCHIEBEL, | ) ) | |
| *Defendant* | ) | |

NOW COMES Defendant William Schiebel, by and through his undersigned counsel, and answers Plaintiff's Complaint as follows:

1. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. Defendant admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

3. Paragraph 3 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required. To the extent any response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies same. Additionally, Defendant denies that he executed a promissory note in favor of Plaintiff.

4. Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. Defendant denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

**FIRST CLAIM FOR RELIEF**
**(Negotiable Instrument)**

6. Defendant admits the allegations contained in paragraph 6 of Plaintiff's Complaint.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. Defendant admits the allegations contained in paragraph 8 of Plaintiff's Complaint.

9. Paragraph 9 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required. To the extent any response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies same.

10. Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. Defendant admits the allegations contained in paragraph 11 of Plaintiff's Complaint. By way of further answer, Defendant states that he does not owe the stated amounts to Plaintiff.

12. Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

**SECOND CLAIM FOR RELIEF**

16. Defendant repeats and realleges its answers to the allegations contained in Paragraphs 1 through 15, inclusive, above, of Plaintiff's Complaint with the same force and effect as if more fully set forth herein.

17. Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Paragraph 18 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required. To the extent any response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies same.

19. Paragraph 19 of Plaintiff's Complaint sets forth a legal conclusion to which no response is required. To the extent any response is required, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and, therefore, denies same.

WHEREFORE, Defendant, William F. Schiebel, respectfully requests that Plaintiff's Complaint be dismissed with prejudice, and/or that Judgment be entered on behalf of Defendant William F. Schiebel, and that Defendant William F. Schiebel be awarded its costs, including attorneys' fees, and such other and further relief as this Court deems just and equitable.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted.

2. The Complaint is barred by the doctrine of unclean hands.

3. The Complaint is barred by the doctrine of estoppel.

4. The Complaint is barred due to lack of consideration or insufficient consideration.

5. The Complaint is barred by the doctrine of duress.

6. The Complaint is barred due to misrepresentation, fraudulent concealment and/or equitable fraud.

7. The Complaint is barred due to the self-dealing and/or other misconduct of Plaintiff's principal.

8. The Complaint is barred by the doctrine of mistake.

9. The Complaint is subject to any and all defenses that would otherwise be available to Defendant against Plaintiff's putative assignor, EHR Investments, Inc.

10. Plaintiff has failed to mitigate its damages.

11. The Complaint must be dismissed due to the lack personal jurisdiction over Defendant.

12. The Complaint must be dismissed because venue in this district is improper.

13. Any amount otherwise due under the Note should be limited by the amount paid by Plaintiff for the assignment.

WHEREFORE, Defendant, William F. Schiebel, respectfully requests that Plaintiff's Complaint be dismissed with prejudice, and/or that Judgment be entered on behalf of Defendant William F. Schiebel, and that Defendant William F. Schiebel be awarded its costs, including attorneys' fees, and such other and further relief as this Court deems just and equitable.

DEFENDANT DEMANDS TRIAL BY JURY ON ALL ISSUES TRIABLE OF RIGHT BY A JURY.

DATED this 18th day of June, 2008.

Respectfully submitted,

/s/ Ira Daniel Tokayer_____
Ira Daniel Tokayer  (IT 4734)
42 West 38th Street, Suite 802
New York, New York 10018
Tel: (212)695-5250
Fax: (212)695-5450

/s/Marshall J. Tinkle_____
Marshall J. Tinkle

/s/ David M. Hirshon_____
David M. Hirshon
Tompkins, Clough, Hirshon & Langer, P.A.
Three Canal Plaza
P.O. Box 15060
Portland, ME  04112-5060
(207) 874-6700

Attorneys for Defendant
William F. Schiebel

Case 1:08-cv-04259-RMB-AJP     Document 6     Filed 06/19/2008     Page 5 of 5