UNITED STATES DISTRICT COURT
DISTRICT OF NEW YORK

| | | Civil Docket No. |
|---|---|---|
| QUO VADIS, INC. PROFIT SHARING TRUST, | ) ) ) | |
| *Plaintiff* | ) ) | |
| v. | ) ) | |
| WILLIAM F. SCHIEBEL | ) ) | THIRD-PARTY COMPLAINT |
| *Defendant/Third-Party Plaintiff* v. | ) ) ) | |
| JOHN RYZEWIC | ) ) | |
| *Third-Party Defendant* | ) | |

NOW COMES Defendant/Third-Party Plaintiff, William F. Schiebel ("Schiebel") by and through his counsel, and for his Third-Party Complaint against Third-Party Defendant John Ryzewic ("Ryzewic"), states as follows:

## PARTIES

1. Schiebel is a resident of Kennebunk, Maine.

2. Upon information and believe, Ryzewic is a resident of Ponte Vedra Beach, Florida.

## JURISDICTION AND VENUE

3. The Court has jurisdiction pursuant to 28 U.S.C §1332, because there is diversity of citizenship of the parties and the amount in controversy exceeds $75,000.00.

4. Venue lies in this District pursuant to 28 U.S.C. §1391, because a substantial part of the events or omissions giving rise to this Third-party Complaint occurred in this District.

## CLAIM FOR RELIEF

5. In 1997, Schiebel was an employee of EHR Investments, Inc., ("EHR").

6. Ryzewic had married into the family that owned and controlled EHR.

7. Ryzewic was an officer, director and/or shareholder of EHR.

8. In 1997, Ryzewic instructed Schiebel to sign a Promissory Note dated December 31, 1997 to EHR and a Pledge and Security Agreement, also dated December 31, 1997.

9. Ryzewic used his influence as an officer, director and/or shareholder of EHR to have the said Promissory Note assigned to his trust, the Quo Vadis, Inc. Profit Sharing Trust, the Plaintiff in this action, at substantial discount on or about December 31, 1997.

10. Ryzewic never advised Schiebel that Ryzewic's trust had purchased the said Promissory Note at a substantial discount.

11. Had Schiebel received a proper disclosure from Ryzewic, he could have negotiated better terms with EHR.

12. The relationship between Schiebel and Ryzewic was such that Schiebel put his trust and confidence in Ryzewic, and there was a significant disparity between the parties in terms of position and influence.

13. At all times relevant, Ryzewic owed Schiebel the duties of a fiduciary, including the fiduciary duty of utmost good faith and fair dealing.

14. By engaging in the aforesaid conduct, Ryzewic breached his fiduciary obligations to Schiebel and acted in bad faith.

15. As a direct and proximate result of Ryzewic's breach of fiduciary duty, Schiebel has been or will be damaged.

16. To the extent Schiebel is adjudged liable to the Plaintiff in this action, Schiebel is entitled to and seeks indemnification and/or contribution from Ryzewic.

WHEREFORE, Schiebel prays that to the extent Plaintiff is entitled to a judgment in this action, judgment be entered directly against Third-Party Defendant, John Ryzewic, and that Third-Party Plaintiff be awarded his costs, together with such other and further relief as this Honorable Court deems just and proper.

THIRD-PARTY PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES TRIABLE OF RIGHT BY JURY.

DATED this ___ day of August, 2008.

Respectfully submitted,

_____
Ira Daniel Tokayer, Esq.(IT- 4734)
Attorney at Law
42 West 38th Street, Suite 802
New York, New York 10018
Tel: (212)695-5250
Fax: (212)695-5450

_____
Marshall J. Tinkle, Esq.

_____
David M. Hirshon, Esq.
Tompkins, Clough, Hirshon & Langer, P.A.
Three Canal Plaza
P. O. Box 15060
Portland, ME  04112-5060
Tel: (207) 874-6700
Fax: (207) 874-6705
Attorneys for Defendant
William F. Schiebel